**SULAIMANLAW GROUP**
Alexander J. Taylor # 6327679
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DIANA CARRILLO, individually, and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDHAWK LENDING II, LLC D/B/A STRIDELOANS.COM, and JOHN DOES 1-10,<br><br>Defendant. | Case No. 2:25-cv-10395<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** DIANA CARRILLO ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned counsel, complaining as to the conduct of REDHAWK LENDING II, LLC D/B/A STRIDELOANS.COM ("Defendant"), and JOHN DOES 1-10, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), under 47 U.S.C. § 227 *et seq.*, stemming from Defendant's unlawful conduct.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of California and all of the events or omissions giving rise to the claims occurred in the Central District of California.

## PARTIES

6. Plaintiff is a consumer and natural person, over 18 years-of-age, residing

in Burbank, California.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

8. Defendant is an online lender that offers short-term installment loans to consumers who need funds for unexpected expenses.

9. Defendant maintains its principal place of business in Tulsa, Oklahoma.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a limited liability company.

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

12. At all times relevant, Defendant had an agency relationship with John Does 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-10 (as the agents) and John Does 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of John Does 1-10, is liable for the acts of its agents John Does 1-10.

## FACTS SUPPORTING CAUSE OF ACTION

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2267.

14. At all times relevant, Plaintiff's number ending in 2267 was assigned to a cellular telephone service.

15. At all times relevant, Plaintiff was financially responsible for his cellular

telephone equipment and services.

16. In 2025, Plaintiff applied for a loan with Defendant but was denied and was no longer interested in obtaining a loan from Defendant.

17. In April 2025, Defendant began placing voluminous solicitation calls and text messages to Plaintiff's cellular phone number.

18. Specifically, Defendant started sending Plaintiff repeated text messages promoting loan options. Despite Plaintiff's requests for the texts to stop, she continued to receive at least sixteen additional messages.

19. Plaintiff also received phone calls from Defendant and asked them to stop calling, yet Plaintiff still received phone calls and was left pre-recorded messages to her cellular phone.

20. Upon answering most of Defendant's solicitation calls, Plaintiff is greeted with a prerecorded/automated message.

21. During the answered calls, upon being connected to a live representative, Plaintiff informed Defendant's representative that he is not interested in a loan and requested that Defendant cease it solicitation calls.

22. Despite Plaintiff's requests that Defendant cease its calls, Defendant continued pounding Plaintiff's cellular phone number with solicitation calls.

23. In some of the calls that Plaintiff did not answer, Defendant would leave voicemails on Plaintiff's cellular phone marketing Defendant's loans.

24. Some of the voicemails stated "Hi, this is [Name] with Stride Loans.

Thanks for being such a great customer. As a special thanks we have an exclusive promotion just for you. To learn more, call us at 888-560-7415. We look forward to hearing from you."

25. From April 2025 through the present, Defendant placed no less than forty (16) solicitation calls to Plaintiff's cellular phone number.

26. Upon answering some of Defendant's solicitation calls, Plaintiff was met with an extended period of dead air (approximately 15 seconds) and was not greeted by a prerecorded message or a live representative despite saying "hello" multiple times.

**DAMAGES**

27. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

28. Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29. Frustrated and concerned with the escalation of Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to compel

Defendant to cease its unlawful practices.

## CLASS ALLEGATIONS

30. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Prerecorded Message Class

> All individuals in the United States (1) to whom Defendant, or a third party acting on its behalf, placed, or caused to be placed, a phone call; (2) to a phone number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the prior express written consent of the individual; (5) within the four years preceding the date of this complaint through the date of class certification.

32. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been

fully and finally adjudicated and/or released.

**A. Numerosity**

33. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

35. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

36. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors (John Does 1-10).

**B. Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

38. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C. Typicality**

39. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D. Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E. Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

45. Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

## COUNT I:

**Violations of the Telephone Consumer Protection Act**
**(on behalf of Plaintiff and Members of the Prerecorded Message Class)**

47. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

48. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

49. The TCPA prohibits solicitation calls to wireless numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

50. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.[1]

51. "Prior express written consent" is required for (a) all

---

[1] 47 C.F.R. §§ 64.1200(a)(2) and (3).

telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.

52. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."[2]

53. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by placing numerous solicitation calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's prior express written consent.

54. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering Defendant's calls.

55. As pled above, Plaintiff never provided Defendant with his cellular phone number or otherwise consented to receiving solicitation calls from Defendant.

56. Upon information and belief, it is Defendant's business practice to place solicitation calls to consumers without their prior express written consent, a practice

[2] 47 C.F.R. § 64.1200(c)(2)(ii).

designed to maximize revenue at the expense of consumers' privacies and solitude.

57. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place solicitation calls to consumers.

58. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Prerecorded Message Class, requests the following relief:

A. an order granting certification of the Prerecorded Message Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Prerecorded Message Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Prerecorded Message Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Prerecorded Message Class for each violating call; and

G. any further relief this Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: October 29, 2025

Respectfully submitted,

**DIANA CARRILLO**

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue,
Suite 200
Lombard, Illinois 60148
Telephone: 331-3077646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com